# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-3029-01-CR-S-GAF |
| | ) | |
| WESLEY PAUL COONCE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now pending before the Court are several motions filed by Defendant Coonce relating to the superseding indictment, certain aspects of the Notice of Intent to Seek Death Penalty, and the constitutionality of the Federal Death Penalty Act.

On February 24, 2014, United States Magistrate Judge John T. Maughmer issued his Report and Recommendation (Doc. #513). On March 10, 2014, Defendant Coonce filed his Objections to the Report and Recommendation (Doc. #547).

Upon careful and independent review of the pending motions and suggestions in support thereof, Defendant's objections to the Report and Recommendation, as well as the applicable law, this Court hereby adopts and incorporates as its own Opinion and Order the Report and Recommendation of United States Magistrate Judge John T. Maughmer.[1]

Accordingly, it is hereby ORDERED as follows:

(1) Defendant's Motion to Declare the Federal Death Penalty Scheme Unconstitutional and Preclude the Government From Seeking a Death Penalty Due to the Failure to Meet

---

[1] On page 4 of the Report and Recommendation (Doc. #513), in the fourth line of the first paragraph, there is a typographical error. The sentence states, in part: . . . the Government contends that Hall . . . . The Court recognizes that this is a typographical error and it should have read . . . the Government contends that Coonce. . . .

Minimum Constitutional Requirements Set Forth in *Furman v. Georgia* and Its Progeny, (Doc. 386) is DENIED.

(2) Defendant Coonce's Motion to Dismiss the "Special Finding" From the Superseding Indictment, and to Strike the Notice of Intent to Seek the Death Penalty, (Doc. 389) is DENIED.

(3) Defendant's Motion to Dismiss and Strike the Future Dangerousness Non-Statutory Aggravating Factor and to Exclude Evidence In Support Thereof, and Request a Hearing, (Doc. 390) is DENIED.

(4) Defendant's Amended Motion to Preclude the Use of the Non-Statutory Aggravating Factor of Future Dangerousness Based on Numerous Post-*Jurek* Studies Establishing That As It Is So Unreliable, Speculative, Arbitrary, and Inaccurate ("Chance-Level Performance" of Capital Juries in Predicting the Future Dangerousness of Capital Defendants) as to Render It Unconstitutional On Its Face and as Applied to Defendant Wesley Paul Coonce, Jr., (Doc. 406) is DENIED.

(5) Motion, with Incorporated Memorandum To Strike the Notice of Aggravating Factors (Doc. 391) is DENIED.

s/ Gary A. Fenner  
GARY A. FENNER, JUDGE  
UNITED STATES DISTRICT COURT

DATED: March 14, 2014